J-S47007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE ANTONIO RIVERA-QUINONES, | |
| Appellant | No. 438 MDA 2015 |

Appeal from the PCRA Order entered February 5, 2015,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0002545-2007

BEFORE:  ALLEN, OTT, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JULY 24, 2015**

Jose Antonio Rivera-Quinones ("Appellant") appeals *pro se* from the

order denying his third petition for post-conviction relief filed pursuant to the

Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The prolonged procedural history is as follows:

> On May 14, 2008, a jury found Appellant guilty of two
> counts of attempted criminal homicide and [related
> charges].  On July 30, 2008, the court sentenced Appellant
> to an aggregate term of not less than thirty-six nor more
> than seventy-two years of incarceration.  Appellant timely
> appealed, and this Court affirmed the judgment of
> sentence on October 21, 2009.  [**Commonwealth v.
> Rivera-Quinones**, [987 A.2d 822 (Pa. Super. 2009)
> (unpublished memorandum)].
>
> On June 10, 2010, Appellant timely filed his first *pro se*
> PCRA petition.  The court appointed counsel, who filed a
> [no-merit letter and motion to withdraw pursuant to

_____

*Retired Senior Judge assigned to the Superior Court.

> ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), on July 9, 2010[.] The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1), and Appellant responded *pro se*. On December 28, 2010, the court permitted counsel to withdraw and dismissed the petition. Appellant appealed *pro se*; this Court affirmed the PCRA court's order on October 11, 2011, and our Supreme Court subsequently denied review. (***See Commonwealth v. Rivera-Quinones***, 37 A.3d 1227 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 42 A.3d 292 (Pa. 2012)).
>
> On September 13, 2012, Appellant filed the instant second PCRA petition *pro se*. The PCRA court issued notice of its intent to dismiss the petition as untimely on October 23, 2012, and Appellant did not respond. Thereafter, on January 9, 2014, the court dismissed the petition, and Appellant timely appealed.

***Commonwealth v. Rivera-Quinones***, 106 A.3d 160 (Pa. Super. 2014), unpublished memorandum at 1-3 (footnotes omitted). On August 14, 2014, we agreed with the PCRA court's conclusion that Appellant's second PCRA petition was untimely, and that Appellant failed to establish a time-bar exception. ***See id.***, unpublished memorandum at 5-7.

On October 22, 2014, Appellant filed the *pro se* PCRA petition at issue. On January 7, 2015, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss this latest filing as untimely. Appellant filed his *pro se* response on January 26, 2015. By order entered February 5, 2015, the PCRA court dismissed Appellant's third petition.

Appellant filed a timely appeal to this Court, in which he challenges the PCRA court's determination that he failed to establish an exception to the

PCRA's time bar. Although the PCRA court did not require Appellant to comply with Pa.R.A.P. 1925(b), it filed an Pa.R.A.P. 1925(a) opinion on April 13, 2015.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783. ***See also*** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

"Here, Appellant's judgment of sentence became final on November 20, 2009, when his time to seek an appeal to our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3)." ***Rivera-Quinones***, unpublished memorandum at 5. Appellant filed the instant PCRA petition almost five years later. As a result, his PCRA petition is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated

- 4 -

exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Within his brief, Appellant refers to a September 22, 2014 hand-printed affidavit from Jessica Soto which he attached to his third PCRA petition. In this affidavit, Ms. Soto avers:

> The weapons found on March 23, 2007, in that apartment and introduced at trial of [Appellant] were my weapons. I was approached to testify at the trial of [Appellant], [b]ut I did not want to get involved at the time. I am willing and able to testify at any future hearing conducted in this matter, if need be, to the contents of this affidavit.

Affidavit, 9/22/14, at 1.

When considering a PCRA petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim was predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

In rejecting Appellant's claim, the PCRA court explained:

> At trial the Commonwealth admitted evidence of certain weapons found at the residence of Jessica Soto, his girlfriend. Specifically, it was an AK-47 assault rifle, a banana clip, 357 Remington ammunition (which was the type used for the gun he possessed), and mail and photographs. Now, [Appellant] has proffered an affidavit that Jessica Soto claims the weapons were hers. However,

the affidavit also indicates that she was available to testify at trial but did not want to get involved.

PCRA Court Opinion, 4/13/15, at 1. In addition, the PCRA court concluded, "even if [the weapons] were hers, and [Appellant] merely had access to them, [this fact] does nothing to add to his defense. [Appellant] was neither charged nor convicted of any weapons possession offenses[.]" *Id.* at 2.

Our review of the record supports the PCRA court's conclusions, such that Appellant's claims to the contrary are unavailing. At best, Ms. Soto's affidavit represents a "newly willing" source of already known facts rather than "newly-discovered" evidence. *See generally*, *Commonwealth v. Edmiston*, 64 A.2d 339 (Pa. Super. 213); *Commonwealth v. Marshall*, 947 A.2d 714 (Pa. 2008). Within his brief, Appellant asserts that because "Jessica Soto was unavailable at the time of trial, it was impossible for him to obtain these facts before he ultimately did." Appellant's Brief at 17. In support of this claim, Appellant cites to cases in which the witness had involved his Fifth Amendment right against self-incrimination. *See id.* However, there is no evidence to support Appellant's claim that Ms. Soto invoked her Fifth Amendment right, and in fact, her own affidavit contradicts Appellant's assertion.[1]

---

[1] Appellant references the cross-examination testimony from his jury trial in which Detective Matthew Blake of the Lancaster City Police identified Ms. Soto as the woman depicted in a photograph with Appellant. N.T., 5/12/08, at 392. Detective Blake informed Appellant's trial counsel that he believed
*(Footnote Continued Next Page)*

- 6 -

In sum, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015

_(Footnote Continued)_ ——————————

Ms. Soto pled guilty to possessing one of the weapons found in the apartment she shared with Appellant.